FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 11 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DANIEL STINNEY, JR.,

                Plaintiff,

-against-

BROOKDALE HOSPITAL; Mr. MARTINEZ,
Head of Security; Mr. RONALD CARR, Asst.
Head of Security; BROOKDALE HOSPITAL
SURGERY DEPT.; BROOKDALE HOSPITAL
SECURITY DEPT.,

                Defendants.
-----------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM AND ORDER

11-CV-2132 (CBA)

AMON, Chief Judge:

Plaintiff Daniel Stinney, Jr., filed this *pro se* action alleging "civil rights, false imprisonment, sexual misconduct, hate crimes, abusive authority, [and] excessive force," see Compl. at ¶ II(B), in the United States District Court for the Southern District of New York. The action was transferred to this Court on May 2, 2011. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a). The complaint is dismissed as set forth below.

## Background

Plaintiff alleges that on January 26, 2010, he went to Brookdale Hospital for an appointment with his doctor. Compl. at ¶ III(C). As plaintiff waited, plaintiff alleges that "I was told by Mr. Carr to come to his security office, I explain that I am not going with him I was forced to the security office by 4 security officers." Id. Plaintiff alleges that he was called racial epithets, handcuffed, searched and that "one of the security put his hand on my penis area and butt area." Id. Plaintiff also alleges that he was not allowed to go to the bathroom and urinated in his pants. Id. He seeks damages of $120,000,000.00. Compl. at ¶ V.

## Standard of Review

In reviewing plaintiff's complaint, the Court is mindful that, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## Discussion

The Court liberally construes plaintiff's complaint alleging civil rights violations as brought pursuant to 42 U.S.C. § 1983. In order to maintain an action under § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Thus, "[a] plaintiff pressing a claim of violation of his constitutional rights under § 1983 is . . . required to show state action." Tancredi v. Metro Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell, 13 F.3d at 547.

Here, plaintiff fails to satisfy the state action requirement, as the individual defendants named are private individuals, and Brookdale Hospital is a private, nonprofit teaching hospital. See http://brookdalehospital.org/html/general_info/index.htm (last visited May 6, 2011); see also Woods v. Levine, No. 10-CV-3588 (KAM), 2010 WL 3394263, at *2 (E.D.N.Y. Aug. 23, 2010) (dismissing, *sua sponte*, claim against Brookdale Hospital and private individuals associated with the hospital because "none of them are state actors as required for liability under 42 U.S.C § 1983").

2

Private conduct, however "discriminatory or wrongful," is generally beyond the reach of § 1983. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (internal citations and quotation omitted); Tancredi, 316 F.3d at 312.

Plaintiff's claims arising under 42 U.S.C. § 1983 are therefore dismissed. Plaintiff does not assert any basis for diversity jurisdiction,[1] and, as the Court has dismissed any federal claims, the Court declines to exercise supplemental jurisdiction at this time. Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.")

## Conclusion

Accordingly, plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Any state law claims are dismissed without prejudice for lack of subject matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May *11* , 2011

/Signed by Chief Judge Carol B. Amon/
Carol Bagley Amon
United States District Judge

---

[1] Plaintiff's complaint lists a New York address. Additionally, plaintiff uses a standard form complaint and checks a box asserting federal question jurisdiction. Plaintiff does not check a similar box for seeking diversity jurisdiction. Compl. at ¶ II.

3